IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYRONE NUNN, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv932-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Tyrone Nunn, Sr.("Nunn") challenges his 2009 convictions in this court for possession with intent to distribute crack cocaine (Case No. 3:08cv28-MHT) through yet another *pro se* pleading, this one styled as a "Motion for Sua Sponte Dismissal of Indictment." Doc. No. 2. In his motion, Nunn once again asserts that the indictment in his case was insufficient to give the district court jurisdiction to hear his case and to impose sentence upon his conviction. *Id*. For the reasons that follow, Nunn is not entitled to any relief.

**I. DISCUSSION**

Nunn's claim attacks the fundamental legality of his conviction. He therefore seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *see Gonzalez v. Crosby*, 545 U.S. 524 (2005). Thus, regardless of Nunn's labeling of his instant motion, this court finds that his motion is of the

same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the third 28 U.S.C. § 2255 motion filed by Nunn attacking his conviction and sentence in Case No. 3:08cr28-MHT. Nunn's first such § 2255 motion was filed on July 15, 2010. *See* Civil Action No. 3:10cv625-MHT-WC, Doc. No. 1. On June 16, 2012, this court denied that § 2255 motion, deciding all claims adversely to Nunn. *Id*., Doc. Nos. 162 & 163 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 157]). On or around August 13, 2012, Nunn filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Civil Action No. 3:12cv726-MHT-WC, Doc. No. 2. In that § 2255 motion, Nunn asserted (as he does in his latest such motion) that the indictment in his case was insufficient to give the district court jurisdiction. *Id*. Because Nunn had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion. *Id*., Doc. Nos. 5 & 6 (Opinion & Final Judgment of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 3]).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the

appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

Nunn has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Nunn's present § 2255 motion, his third, and the motion is due to be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Nunn has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that on or before **November 9, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE